IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2114-D

| | | |
|---|---|---|
| CURTIS LOUIS SANGSTER, | ) | |
| Petitioner, | ) ) ) | **ORDER** |
| v. | ) ) | |
| WAKE COUNTY DETENTION CENTER, | ) ) ) ) | |
| Respondent. | ) | |

On April 12, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 15] and recommended that the court dismiss Curtis Louis Sangster's ("Sangster" or "petitioner") pro se 28 U.S.C. § 2241 petition without prejudice [D.E. 15]. On April 25 and 26, 2016, Sangster filed objections to the M&R [D.E. 16, 17].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form

of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Sangster, a pretrial detainee, contends that he was falsely arrested on charges of first degree burglary, attempted first degree burglary, breaking and entering, and larceny after breaking and entering. Pet. [D.E. 1] 1–2. Sangster seeks an order from this court dismissing the pending state charges against him. Id. 14. In the M&R, Judge Numbers found that Sangster had not exhausted his state court remedies and had not demonstrated that state court remedies were unavailable or ineffective to address his claims. See M&R 2. Accordingly, Judge Numbers recommended that the court abstain from adjudicating Sangster's claims and dismiss his petition without prejudice. Id.; see Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489 (1973); Younger v. Harris, 401 U.S. 37, 43 (1971).

Sangster's objections are rambling and disjointed and largely recite the history of his state criminal proceedings and restate the arguments in his petition. Compare Pet. with [D.E. 16, 17]. Sangster's objections do not specifically address abstention. Because Sangster's boilerplate objections do not meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, even if de novo review were required, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to

2

raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); see also Younger, 401 U.S. at 43. The Supreme Court has recognized three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens, 444 F.3d at 241 (quotations omitted).

Judge Numbers correctly concluded that Sangster's claims fall within Younger, and that none of the exceptions apply. See M&R 1–3; see also Lauren Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165–66 (4th Cir. 2008); Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003); Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643–45 (E.D.N.C. 2009). Indeed, Sangster's supplemental filings show that he can raise his claims in the state proceedings. See, e.g., Pet'r Ex. [D.E. 21-1]. Accordingly, abstention and dismissal without prejudice are appropriate.

In sum, the court OVERRULES Sangster's objections [D.E. 16, 17] and ADOPTS the conclusions in the M&R [D.E. 15]. Sangster's complaint is DISMISSED without prejudice and his pending motions for the default judgment [D.E. 14, 20] are DENIED AS MOOT. The court DENIES a certificate of appealability. See, e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 15 day of December 2016.

JAMES C. DEVER III
Chief United States District Judge

3